## In re AMERICAN ACOUSTICS, Inc.

### No. 6672a.

United States District Court
D. New Jersey.

Nov. 30, 1948.

Larkey, Mareiniss & Snyder, by Barney Larkey, all of Newark, N. J., for Trustees.

Charles R. L. Hemmersley, of Newark, N. J., by Sol A. Liebman and George H. Feirberg, both of New York City, for Reconstruction Finance Corporation.

Brady & Daly, of Newark, N. J., (Galen B. Hall, of Newark, N. J., of counsel), for petitioner Clifford A. King.

FAKE, Chief Judge.

The issues herein arise on an order to show cause why certain property, consisting of non-defective acoustic material or the value thereof, in the hands of the Trustee, should not be turned over to the petitioner, Clifford A. King.

Petitioner is engaged in the building and supply business in the City of New Orleans, Louisiana. In the year 1946 he purchased a total of 800 bags of softone plaster from American Acoustics, of Keyport, a corporation of New Jersey, for which he paid in full. Before it was consumed, and while there was still a supply on hand, it was found that the material as furnished was not suitable because of some defect in its manufacture. A representative of the corporation instructed the petitioner to return the defective plaster. On March 12, 1947, the material was shipped back to the Corporation. On March 20, 1947, an involuntary petition, under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., was filed in this Court. Trustees were appointed and ordered, by the Court, to continue the business in reorganization. On April 2, 1947, an offer to replace the defective material was made by an employee of the Trustee. Petitioner now claims that he is entitled to payment for the material returned, or a return of non-defective material which will replace that which he surrendered. The fact that the shipment was in transit, at the time of the filing of the petition under Chapter X proceedings, is of no moment since it was not stopped in transitu. If he has a claim against the Debtor it is as a general creditor only.

The Trustee is not bound by the unauthorized act of the employee, since this would, in effect, be permitting the Trustee to do that which, by law, he is prohibited from doing; that is, to prefer one creditor over another. The Debtor, through its Trustee, was and still is willing to return the defective merchandise which the petitioner returned. This would place him in the position in which he found himself prior to the time he returned the goods.

The prayer of the petition is denied.